**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KING COMPANY, LTD. PARTNERSHIP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6063** |
| **CATASTROPHE CLEANING & RESTORATION CO., INC.** | **SECTION "K"(3)** |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4) filed by Catastrophe Cleaning & Restoration Co., Inc. ("CATCO"). In this suit arising out of construction work done for CATCO by King Company, Ltd. Partnership ("King"), CATCO moves the Court for dismissal based on King's alleged failure to adequately allege diversity of citizenship between the parties so as to establish diversity jurisdiction. In addition, CATCO contends that under the forum-selection clause in a contract between the parties, this matter was required to be filed in state court as opposed to federal court in New Orleans. For the reasons that follow, this Court finds no merit in this motion.

**ANAYLSIS**

**Standard to Review a Rule 12(b)(1) Motion**

The issue before the Court is to determine whether diversity jurisdiction is present. As stated in *Abdulaziz v. Sam Houston State University*, 2013 WL 1787779 (S.D. Tex. 2013) (Ellison, J.):

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

> *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

*Id.* at *2. Stated another way,

> To determine whether it has subject matter jurisdiction, the Court is free to review matters outside of the complaint such as affidavits and documents. *Osborn v. United States,* 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. *Id*

*In the Matter of the Complaint of Luhr Bros., Inc.*, 100 F.Supp.2d 1156, 1158 (E.D. Missouri 2000).

**Diversity of Citizenship**

CATCO opines that because King did not "distinctly and affirmatively allege the citizenship" of the parties in the Complaint, dismissal is mandated. *Gulf Fleet Tiger Acquisition, L.L.C.*, 282 F.R.D.146, 154 (E.D.La. 2012). [1] Obviously, subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1332 arises where the action is between citizens of different states and the amount in controversy is over $75,000.00.

In its Complaint, King alleged specifically that it is a Louisiana limited partnership with its principal place of business in New Orleans, Louisiana. It further alleged that CATCO is a Missouri corporation headquartered in Maryland Heights, Missouri. King in its opposition has supplied the Court with records from the Secretary of State for the State of Louisiana (Doc. 5, Exhibits A-C) that make clear that all of the partners in King are citizens of Louisiana rendering

[1] This case is factually inapposite to the case at bar because in *Gulf Fleet*, the focus concerned allegations of improper or collusive assignment of a cause of action to create diversity jurisdiction which is not present in this case.

it a Louisiana citizen for purposes of jurisdiction. With respect to CATCO, King has again supplied documentary proof from the Secretary of State for the State of Louisiana demonstrating that CATCO has registered with the Secretary of State for State of Louisiana averring that its domicile is Maryland Heights, Missouri and its principal business office is also in Maryland Heights, Missouri. (Doc. 5, Exhibit D). As such, it is clear that diversity jurisdiction is established.

**Forum Selection Clause**

CATCO contends that the following forum selection clause which is contained in a Standard Subcontractor Construction Agreement and dated December 24, 2012 requires this matter to be brought in the Civil District Court for the Parish of Orleans:

> 17. Governing Law; Jurisdiction; Venue. The construction, validity, enforcement, breach, or any other issue concerning this Agreement will be governed by Louisiana law. The jurisdiction and the venue of any legal proceedings concerning or arising from this Agreement will be in the city of New Orleans, at the Contractor's sole election. All parties consent to such venue and personal jurisdiction of such courts.

(Doc. 4-2, Exhibit "A" at 5 of 6). King responds contending that $13,248 of the unpaid work at issue was undertaken pursuant to this Subcontract and over $114,000 in "time and material" work was executed by King as "Extra Work Not Included in the Contract." This extra work was allegedly done pursuant to signed work tickets, as opposed to the Subcontract relied upon by CATCO. (See Doc. 5-5, Exhibit "E"). Thus, King maintains that since the majority of the claim is beyond the scope of the subcontract, the subcontract's terms are inapplicable and that this Court would have ancillary or supplemental jurisdiction over the $13,248 contract claim.

Pretermitting whether King's argument as to ancillary/supplemental jurisdiction has merit, the Court finds that the forum selection clause allows for this matter to be brought in this court.

Federal law determines the enforceability of forum selection clauses in diversity cases. *Superior Labor Serv., Inc. v. Folse Oilfield Services, LLC*, 2014 WL 793463 (Feb. 26, 2014) citing *Alliance Health Grp., LLC v. Bridging Health Options, LLC,* 553 F.3d 397, 399 (5th Cir. 2008). In making this determination, a court must first determine whether such a clause is mandatory or permissive in nature. *Bentley v. Mutual Benefits Corp.*, 237 F. Supp.2d 699, 701 (S.D. Miss. 2002). "A mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Id.* at 701 citing *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). Generally, mandatory clauses contain limiting, express language such as "only" or "must." *Id.*, n. 5 and 6. On the other hand, a permissive forum selection clause "authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere." *Id.*

In this instance, there is no mandatory, limiting language which would make the exclusive forum the Civil District Court for the Parish of Orleans. The relevant clause provides that the jurisdiction and the venue of any legal proceedings concerning the subcontract "**will be** in the city of New Orleans, at the Contractor's sole election. All parties consent to such venue and personal jurisdiction of such courts." (Doc. 4-2 at 5 of 6) (emphasis added). This language does not specifically limit venue to the Civil District Court for the Parish or Orleans–indeed it does not even specifically name that court. Rather, the forum selection clause allows for the jurisdiction and the venue of any legal proceedings concerning or arising from the agreement to be **in the city of New Orleans**. Clearly, this Court fits that description and permits the matter to

be brought in the United States Court for the Eastern District of Louisiana. *Alliance Health Group, LLC v. Bridging Health Options, LLC,* 553 F.3d 397, 400 (5th Cir. 2008) (where venue provision names specific county, venue is permitted in either federal or state court because federal courthouse is located in that county).

Moreover, "forum selection clauses are interpreted *contra proferentem*: when presented with two reasonable but conflicting interpretations of a contract provision, [courts] adopt the interpretation less favorable to the drafter." *Alliance Health Group, LLC,* 553 F.3d at 402. Assuming arguendo that the phrase "at the Contractor's sole election," creates a second reasonable interpretation requiring the subcontractor King to acquiesce to CATCO's choice of state court after filing suit, the Court would be bound to adopt the interpretation less favorable to the drafter–that being CATCO. As such, the interpretation less favorable to CATCO–venue being proper in the federal district court located in the Parish of Orleans–would be adopted. *Id.*

However, the Court finds that such an interpretation in reality is not reasonable and is nonsensical. As such, there is no merit in CATCO's contention that the forum selection clause required this case to be brought in the Civil District Court for Orleans Parish. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4) is **DENIED**.

New Orleans, Louisiana, this 3rd day of July, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**