UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KING COMPANY, LTD. PARTNERSHIP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6063** |
| **CATASTROPHE CLEANING & RESTORATION CO., INC.** | **SECTION "K"(3)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Doc. 18) filed by King Company, Ltd. Partnership ("King") seeking judgment against Catastrophe Cleaning & Restoration Co., Inc. ("CATCO"). In essence the case presented concerns work performed for which plaintiff maintains it has not been properly compensated. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds there are material questions of fact precluding summary judgment.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some

metaphysical doubt as to the material facts.   The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."   *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson  v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor."  *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment.  The Court has no duty to search the record for material fact issues.  Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3d 851,857 (5th Cir. 2010).

**Analysis**

This suit arises out of construction work done for CATCO by King and CATCO's alleged failure to pay for work performed by King on the Ursuline Academy, Alterations & Additions to the Old Gymnasium project located at 2635 State Street, New Orleans , Louisiana 70118 (the "Project").   At the heart of this dispute is the scope of the agreement between the

parties and whether CATCO authorized and agreed to pay for certain work and materials provided by King.  King maintains that there are no questions of fact.  King contends that:

    (1)     CATCO entered into a time and materials ("T & M") agreement with King to begin work to complete a project already begun by another contractor in October of 2012;

    (2)     that it invoiced this work with detailed time sheets and work tickets which were signed and unauthorized by CATCO;

    (3)     that a contract signed in December of 2012 was for work already completed;

    (4)     that King continued to perform extra work beyond the scope of the December contract which was allegedly confirmed and acknowledge in email correspondence on a time and material basis;

    (5)     that CATCO has reneged on its promises and that CATCO owes King the principal amount of $114,066.90, plus reasonable attorney's fees, penalties, and interest.

        CATCO in response contends that the damages King seeks are not valid charges as allowed under the written contract for a fixed cost for the Project.  In essence, CATCO characterizes the work for which King seeks payment as requiring "change orders" under the terms of the contract.   It characterizes the December contract as requiring the project architect to authorize any changes to any work, contract specifications and/or plan drawings before any extra work.  Moreover, CATCO relies on the contract language which provides:

> "The Subcontractor [King] will not be entitled to any additional compensation for any extra or changed work unless the Contractor agrees to the additional sum in a written Change Order signed by the Contractor before the extra, additional or changed work is begun.  If the Subcontractor performs any extra or altered work

> without a written change order signed by the Contractor before that work is begun, the Subcontractor waives any right or claim for additional compensation for that work."

(Doc. 22-2 at page 26 of 49).

Indeed, King avers that the arrangement for all work was on a T&M with daily work tickets labeled "authorization for Extra Work Not Included in Contract." These tickets were signed by CATCO'S Senior Project Manager David Belou or CATCO's Superintendant Michael Smith and that the December contract was for work that had already been performed. In response, David Belou signed an affidavit attesting that he had "no authority to sign sub-contracts and no authority to sign change orders." (Doc. 22-6).

As such, considering that the Court is required to look at the facts in the light most favorable to the non-movant, clearly, there are innumerable questions of fact at issue. Accordingly,

**IT IS ORDERED** that Motion for Summary Judgment (Doc. 18) is **DENIED.**

New Orleans, Louisiana, this 24th day of June, 2015.

                                        **STANWOOD R. DUVAL, JR.**
                        **UNITED STATES DISTRICT COURT JUDGE**